27 C.C.P.A. (Patents)

## In re EWALD.

### Patent Appeal No. 4221.

Court of Customs and Patent Appeals.

Dec. 26, 1939.

Cox & Moore, of Chicago, Ill. (Ballard Moore and Curtis F. Prangley, both of Chicago, Ill., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 131 to 134, inclusive, in appellant's application for a patent for an alleged invention relating to fruit treating apparatus.

The appealed claims were rejected by the Patent Office tribunals as being functional and indefinite in that they failed to "particularly point out and distinctly claim the part, improvement, or combination which he [appellant] claims as his invention or discovery," as required by section

4888 of the Revised Statutes, U.S.C. Title 35, § 33, 35 U.S.C.A. § 33.

In rejecting the appealed claims, no prior art was cited by the tribunals of the Patent Office.

Claims 131, 132, and 134 are illustrative. They read:

"131. A fruit treating apparatus comprising in combination means for holding a half fruit with its cut face exposed, means shiftable to and from said holding means including mechanism carried thereby for severing the central seed carrying portion of the half fruit; for substantially inverting the half fruit and discharging the severed portion from the half fruit at a predetermined location; and for moving the half fruit free of said severed portion away from said holding means to a discharge point removed from the place of discharge of said severed portion."

"132. A fruit treating apparatus comprising in combination means for holding a half fruit with its cut face exposed, means forming a discharge station located relatively remote from said holding means; means shiftable into contact with the cut face of the fruit in said holding means and shiftable to a discharge station relatively remote therefrom including mechanism carried thereby for severing a central seed containing portion of the half fruit; said shiftable means including mechanism for shifting slightly the contacting means to relieve pressure of the fruit against the holding means; for thereafter substantially inverting the half fruit relatively to its holding means and for discharging the severed portion during said inversion and for thereafter moving the half fruit to said discharge station."

"134. A fruit treating apparatus comprising in combination means for holding a half fruit with its cut face exposed, means shiftable to and from said holding means including mechanism carried thereby for severing a central seed carrying portion of the half fruit; for contacting the cut face of the half fruit and turning the half fruit in and bodily relatively to such holding means to a substantially inverted position with respect to said holding means and for discharging the severed portion during such bodily turning movement of the half fruit; and for thereafter bodily shifting the half fruit to a location relatively remote from said holding means; and means for forcibly ejecting the half fruit from said shiftable means."

Claim 133 is similar to quoted claim 131.

It will be observed that appealed claim 131 defines a combination comprising, first, "means for holding a half fruit with its cut face exposed," and, second, "means shiftable to and from said holding means *including mechanism carried thereby* for severing the central seed carrying portion of the half fruit," such means having other functions as set forth in the claim. (Italics ours.)

Appealed claim 132 is similar to claim 131, except that it includes "means forming a discharge station located relatively remote from said holding means."

Appealed claim 134 is similar to claim 131, except that it includes "means for forcibly ejecting the half fruit from said shiftable means."

In rejecting the appealed claims, the Primary Examiner, among other things, said:

"Claims 131 to 134, inclusive, are rejected as functional, indefinite, and as failing to 'particularly point out and distinctly claim' the invention as required in Section 4888, Revised Statutes, 35 U.S.C.A. § 33. In the last eight lines of claim 131, last six lines of claim 132, last nine lines of claim 133, and last eleven lines of claim 134, applicant has merely listed or catalogued a number of unrelated functions for mechanism in the shiftable means.

"In claim 131, for example, mechanism is set forth 'for severing the central seed carrying portion of the half fruit; for substantially inverting the half fruit and discharging the severed portion from the half fruit at a predetermined location; and for moving the half fruit free of said severed portion away from said holding means to a discharge point removed from the place of discharge of said severed portion'. There is no reference in the claim as to the character of the mechanism for performing these various functions, therefore, any kind of means that will perform the functions is included within the term 'mechanism'. It is indefinite and describes a mere function or result. The elements to which applicant applies the term 'mechanism' followed by their function, constitute the essence of the invention, and such description of the mechanism renders the claim functional. This claim describes nothing but functions, and a function is not patentable. See Westinghouse v. Boyden Power Brake Co., 170

U.S. 537, 18 S.Ct. 707, 42 L.Ed. 1136; Interstate Folding Box Co. v. Empire Box Corp., 7 Cir., 68 F.2d 500; and Tokheim Oil Tank & Pump Co. v. Dean et al., 7 Cir., 73 F.2d 32.

"Claims 132, 133 and 134 are rejected for the same reasons as claim 131."

It is contended here by counsel for appellant that the invention defined in .the appealed claims resides in a combination of elements; that the "means shiftable to and from said holding means including the mechanism carried thereby" is not the essence of the alleged invention; and that, therefore, the claims are proper combination claims. Authorities claimed to support of their contention are cited in the brief of counsel for appellant as follows: The Telephone Cases, 126 U.S. 1, 8 S.Ct. 778, 31 L.Ed. 863; Eibel Process Co. v. Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L. Ed. 523; Morley Sewing Machine Co. v. Lancaster, 129 U.S. 263, 9 S.Ct. 299, 32 L.Ed. 715; Continental Paper Bag Company v. Eastern Paper Bag Company, 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122; Oilgear Co. v. J. N. Lapointe Co., D.C., 33 F.2d 929; Premier Register Table Co. v. West, D.C., 21 F.2d 762; Buono et al. v. Yankee Maid Dress Corporation, 2 Cir., 77 F.2d 274.

■ If, as argued by counsel for appellant, the invention lies in a combination of elements, the claims are proper, although the various functions of the "mechanism" carried by the means shiftable to and from the holding cup are recited therein.

If, on the contrary, the "mechanism" carried by the means shiftable to and from the holding means is the essence of the invention, the mechanical structure of such "mechanism," and not merely its function or the result obtained by its use, should be set forth in the claims. In re Ferguson, 83 F.2d 693, 23 C.C.P.A., Patents 1143; In re Lawson and Cloutier, 83 F.2d 1001, 23 C.C.P.A., Patents, 1235; In re Spitzglass et al., 96 F.2d 1002, 25 C.C. P.A., Patents, 1227, and cases cited in the decision of the Primary Examiner, supra.

Counsel for appellant argue in their brief that: "In the present case the invention resides not in the novelty of a single element but in a combination of elements by which the fruit is cored, the cored fruit removed from the cup, the core deposited in the cup, and the cored fruit dis-charged from the means which removes it from the cup. No art whatsoever has been cited against these claims from which it could be said that the novelty in applicant's claims 131 to 134, inclusive, resides in a single element, but it is apparent, as stated, that the invention in its broadest expression resides in the new combination of such elements and, therefore, applicant may properly define each of these elements in terms of means for accomplishing its stated function."

On the other hand, the Solicitor for the Patent Office argues that if the essence of the invention is not in the mechanism carried by the means shiftable to and from the holding means, as held by the Primary Examiner, and if "all the elements are old and the alleged invention of claim 131, for example, is merely bringing together an old 'means shiftable to * * *' with a 'means for holding a half fruit * * *' then it can easily be shown that such an alleged invention is not invention at all because it is clear that fruit has been held before, if in no other way, at least by hand, in the operation of coring. The mere provision of 'means' broadly, and without reference to any specific means, for performing a function previously performed by hand, is not inventive. In re Gill, 36 F.2d 128, 17 C.C.P.A., Patents, 700, 1930 C.D. 91; In re Rundell, 48 F. 2d 958, 18 C.C.P.A., Patents, 1290, 1931 C.D. 498.

"Thus, obviously, if the 'means shiftable to * * *' were old in the art and the alleged invention of claim 131 was argued to reside in the combination that such old means of and means for holding the fruit from what has just been set forth it would seem obvious that there could be no invention in merely broadly providing a means for holding the fruit where the fruit had clearly in the prior art been held by hand."

■ Whether the elements referred to in the appealed claims as "means" are new or old in the art does not appear from the record. We have before us the mere assertion by counsel for appellant that the statement in the decision of the Primary Examiner that the "elements to which applicant applies the term 'mechanism' followed by their function, constitute the essence of the invention" is erroneous, and that the real invention lies in the combination of the means set forth.

There being nothing of record to substantiate the claim of counsel for appel-

lant that the examiner was in error in holding that the "mechanism" carried by the means shiftable to and from the holding cup is the essence of the invention, there is no basis, either in law or in fact, for a reversal by this court of the decision of the Board of Appeals affirming the decision of the Primary Examiner. Accordingly, the decision is affirmed.

Affirmed.